**Cecil O. HARVEY, Petitioner,**

v.

**HOMELAND SECURITY, Respondent.**

No. 05–2649.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Cecil O. Harvey, pro se, Jamaica, N.Y., for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Scott Dunn, Assistant United States Attorney, Steven Kim, Assistant United States Attorney, Brooklyn, N.Y., on submission, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. LOUIS F. OBERDORFER, District Judge.*

## SUMMARY ORDER

Cecil O. Harvey, a native of Barbados, challenges an October 15, 2004 final order of the Board of Immigration Appeals ("BIA") affirming the July 7, 2004 decision of Immigration Judge ("IJ") Alan Vomacka. IJ Vomacka found (1) that Harvey is deportable from the United States, and (2) that Harvey is ineligible for any combination of waivers or other forms of relief from deportation. *See In re Cecil Harvey,* No. A 31 212 403 (BIA Oct. 14, 2004), *aff'g* No. A 31 212 27 403 (Immig. Ct. N.Y. City July 7, 2004).

Harvey entered the United States as a lawful permanent resident in 1972, and since then has compiled an extensive criminal record. In August 1993, Harvey was convicted of criminal possession of a forged instrument in the second degree

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

and, in June 1994, he was convicted of criminal possession of stolen property in the fifth degree. For his conviction of criminal possession of a forged instrument, he was sentenced to a term of imprisonment for a maximum of four and one-half years and a minimum of one and one-half years. Following his release, Harvey was convicted of attempted petit larceny in July 2000 and of intent fraudulently to obtain transportation in March 2001. In May 2001, Harvey was convicted of criminal possession of a controlled substance (crack cocaine) in the seventh degree, in violation of New York Penal Law § 220.03.

In his petition for review, Harvey contends, *inter alia*, (1) that the IJ and BIA erred in classifying his 1993 conviction for possession of a forged instrument as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(R), and a "crime of moral turpitude" under 8 U.S.C. § 1251(a)(2)(A)(ii); (2) that the Government lacked the authority to lodge the May 2001 drug-related conviction charge against him; and (3) that he is entitled to relief under §§ 212(c), 212(h) and 240(a) of the Immigration and Nationality Act ("INA").

The issue of whether Harvey's offense constitutes an aggravated felony or a crime of moral turpitude is a question of law, and we have jurisdiction to review it pursuant to 8 U.S.C. § 1252(a)(2)(D). In addition, while we lack jurisdiction to review an IJ's discretionary denial of a § 212(c) waiver of removal, a § 212(h) waiver of inadmissibility, or a § 240(a) cancellation of removal, we retain jurisdiction to determine whether a petitioner was eligible to be considered for any of these forms of relief. Such eligibility decisions are statutory and non-discretionary. *See Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir.2006) (per curiam).

We conclude that the BIA properly determined that Harvey is deportable on the basis of his May 2001 drug-related offense. *See* 8 U.S.C. § 1227(a)(2)(B)(i). In so concluding, we reject Harvey's contention that the Government could not lodge this additional charge as a ground for deportability, as the Government "may at any time during a hearing lodge additional charges of deportability. ...." 8 C.F.R. § 1240.48(d). And because of Harvey's drug offense, he is ineligible for relief under §§ 212(c) and 240(a) of the INA. Moreover, because Harvey was convicted of criminal possession of crack cocaine, he is ineligible for relief under § 212(h). *See* 8 U.S.C. § 1182(h) ("The Attorney General may, in his discretion, waive [inadmissibility for convictions involving drug offenses] insofar as it relates to a single offense of simple possession of 30 grams or less of *marijuana* .... " (emphasis added)).

In light of our above conclusions, we need not, and hence do not, consider whether Harvey's 1993 conviction for possession of a forged instrument is properly classified as an "aggravated felony" or "crime of moral turpitude."

We have considered all of Harvey's remaining arguments and find them to be without merit. The petition for review, and Harvey's motion for sanctions and for a copy of the Certified Administrative Record, are therefore DENIED. In addition, Harvey's outstanding motion for a stay is DENIED as moot.